**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

KURT BUTLER, I,

        Plaintiff - Appellant,

  v.

LEONARD ANAKALEA; et al.,

        Defendants - Appellees.

No. 10-17122

D.C. No. 1:08-cv-00203-HG-BMK

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Hawaii
Helen W. Gillmor, District Judge, Presiding

Submitted March 6, 2012[**]

Before:    B. FLETCHER, REINHARDT, and TASHIMA, Circuit Judges.

    Kurt Butler, I, a former pretrial detainee, appeals pro se from the district

court's summary judgment in his 42 U.S.C. § 1983 action alleging deliberate

indifference, excessive force, and unconstitutional conditions of confinement.  We

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Lolli v. County of Orange*, 351 F.3d 410, 414 (9th Cir. 2003). We affirm in part, reverse in part, and remand.

The district court properly granted summary judgment on Butler's excessive force claim against defendant Manu because Butler failed to raise a genuine dispute of material fact as to whether Manu's use of force against him was not "objectively reasonable." *Lolli*, 351 F.3d at 415 (discussing the legal standard applicable to excessive force claims brought by pretrial detainees).

However, the district court improperly granted summary judgment on Butler's remaining claims.

As to Butler's excessive force claim against defendant Ferreira, Butler stated in his declaration that Ferreira slammed and pressed him against a concrete wall while he was handcuffed and not actively resisting. These facts create a triable dispute as to whether Ferreira's use of force was objectively reasonable. *See Lolli*, 351 F.3d at 415.

As to Butler's deliberate indifference claim against defendant Lopez, Butler stated in his declaration that he passed a kidney stone while in detention, and the episode continued for about four hours after he asked staff for help. Lopez stated in her declaration that she was aware that Butler complained of a kidney stone, and

Butler's medical records show that although Butler had a history of kidney stones and requested pain medication, Lopez provided him no pain medication. These facts create a triable dispute as to whether Lopez was deliberately indifferent to Butler's kidney stone and related pain. *See id.* at 419 (standard for evaluating a claim of deliberate indifference to medical needs brought by a pretrial detainee).

As to Butler's conditions-of-confinement claim against defendants Anakalea and Lopez, the district court applied the wrong standard for determining the constitutionality of these conditions. *See Pierce v. County of Orange*, 526 F.3d 1190, 1205 (9th Cir. 2008) (setting forth the standard for determining whether conditions of pretrial detention are constitutional under the Fourteenth Amendment and explaining that this standard "differs significantly" from the standard applied to conditions of confinement claims brought by convicted prisoners under the Eighth Amendment).

Accordingly, we reverse and remand for further proceedings on the excessive force claim against Ferreira and the deliberate indifference claim against Lopez. We also reverse and remand on the conditions-of-confinement claim against Anakalea and Lopez for the district court to apply the correct standard in the first instance.

Butler's remaining contentions are unpersuasive.

The parties shall bear their own costs on appeal.

**AFFIRMED in part, REVERSED in part, and REMANDED.**